UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUHAMAD EHAB SABRA,<br><br>               Petitioner,<br><br>     v.<br><br>NEIL CLARK,<br><br>               Respondent. | CASE NO.  C06-1832-RSL-JPD<br><br>ORDER DENYING PETITIONER'S MOTION FOR IMMEDIATE STAY OF DEPORTATION |

      Petitioner Muhamad Ehab Sabra is a native and citizen of Israel who is being detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma, Washington.  On December 27, 2006, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).  Petitioner alleges, *inter alia*, that his detention is unlawful because ICE has no statutory authority to indefinitely detain him, and because his removal cannot be effectuated because he has been granted withholding of removal by the Immigration Court.  Petitioner also filed a motion for stay of deportation, seeking to stay his removal from the United States.  Although petitioner asserts that there is no "reasonable expectation" that he will be deported because he

ORDER DENYING PETITIONER'S MOTION
FOR IMMEDIATE STAY OF DEPORTATION
PAGE – 1

has been granted withholding of removal, he claims that "Neil Clark has a pattern and policy of holding persons granted withholding of removal and sending those persons granted withholding of removal to other countries not sanctioned by any court of law." (Dkt. #1 at 3). It is therefore ORDERED:

(1) Petitioner's motion for a stay of deportation is DENIED. The standard of review for a stay of removal is set forth in *Abassi v. INS*, 143 F.3d 513 (9th Cir. 1998); *see also Andreiu v. Ashcroft*, 253 F.3d 477, 483 (9th Cir. 2001) (en banc) (concluding that § 1252(f)(2) does not limit the power of federal courts to grant a stay of removal). Under *Abassi*, petitioner must show either: (1) the probability of success on the merits plus the possibility of irreparable harm, or (2) that serious legal questions are raised and the balance of hardships tips in petitioners favor. *Abassi*, 143 F.3d at 514. The Court finds that petitioner meets neither prong of the *Abassi* test.

The post-removal-detention statute, INA § 241(a), 8 U.S.C. § 1231(a), provides for the mandatory detention of aliens awaiting removal from the United States for an initial period of three months. This three months may be followed by an additional three months discretionary detention during which detention remains presumptively valid. *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 2505, 150 L. Ed. 2d 653 (2001). In *Zadvydas*, the Supreme Court explained that after this six-month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Then the burden shifts to respondents to produce evidence which could rebut petitioner's showing. *Id.*

ORDER DENYING PETITIONER'S MOTION
FOR IMMEDIATE STAY OF DEPORTATION
PAGE – 2

Petitioner's underlying habeas petition challenges the constitutional and statutory authority of ICE to detain him any further because he was granted withholding of deportation and cannot be deported.  Petitioner asserts that his continued detention is a violation of his constitutional right to due process of law, as well as a violation of 8 U.S.C. § 1231(a); *Zadvydas*, 533 U.S. at 678.  Petitioner's request for a stay of removal must therefore be denied because it is inconsistent with the merits of his underlying habeas petition.  Petitioner may not simultaneously maintain that he is entitled to release because his deportation cannot be effectuated and that he is entitled to a stay of removal because his removal is imminent.  Furthermore, petitioner's claim that ICE intends "to send [him] to a third country where the Immigration Judge never ordered" is nothing more than speculation and conjecture.  Accordingly, petitioner cannot demonstrate a probability of success on the merits plus the possibility of irreparable harm, or that serious legal questions are raised and the balance of hardships tips in petitioners favor.

(2)  The Court expresses no views at this time as to the merits of petitioner's habeas petition.

(3)  The Clerk is directed to send a copy of this Order to petitioner and to the Honorable James P. Donohue.

DATED this 5th day of January, 2007.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER DENYING PETITIONER'S MOTION
FOR IMMEDIATE STAY OF DEPORTATION
PAGE – 3

1   Recommended for Entry
    this 4th of January, 2007.
2
    s/James P. Donohue
3   _____
    JAMES P. DONOHUE
4   United States Magistrate Judge

ORDER DENYING PETITIONER'S MOTION
FOR IMMEDIATE STAY OF DEPORTATION
PAGE – 4