UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUHAMAD EHAB SABRA, <br><br> Petitioner, <br><br> v. <br><br> NEIL CLARK, <br><br> Respondent. | CASE NO. C06-1832-RSL-JPD <br><br> ORDER DENYING PETITIONER'S MOTION TO RECONSIDER ORDER DENYING STAY OF REMOVAL |

Petitioner Muhamad Ehab Sabra is presently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma, Washington.[1] On December 27, 2006, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). Petitioner alleges, *inter alia*, that his detention is unlawful because ICE has no statutory authority to indefinitely detain him, and because his removal cannot be effectuated because he has been granted withholding of removal

---

[1] The Court previously indicated that petitioner is a native and citizen of Israel. Petitioner opines that he was born in Jerusalem but "left the area and has not returned for over seven years, and has not renewed any papers, and because there is no recognized government in that area, the Petitioner is stateless." (Dkt. #11 at 2).

ORDER DENYING PETITIONER'S
MOTION TO RECONSIDER ORDER
DENYING STAY OF REMOVAL
PAGE – 1

by the Immigration Court.  Petitioner also filed a motion for stay of deportation, seeking to stay his removal from the United States.  Although petitioner asserts that there is no "reasonable expectation" that he will be deported because he has been granted withholding of removal, he claims that "Neil Clark has a pattern and policy of holding persons granted withholding of removal and sending those persons granted withholding of removal to other countries not sanctioned by any court of law."  (Dkt. #1 at 3).

On January 5, 2007, the Court denied petitioner's motion for stay of removal (Dkt. #7), finding that petitioner had failed to demonstrate either a probability of success on the merits plus the possibility of irreparable harm, or that serious legal questions are raised and the balance of hardships tips in petitioners favor, as required for a preliminary injunction.  See *Abassi v. INS*, 143 F.3d 513 (9th Cir. 1998); *see also Andreiu v. Ashcroft*, 253 F.3d 477, 483 (9th Cir. 2001) (en banc).  On January 22, 2007, petitioner filed a "renewed" motion for stay of removal which the Court construes as a Motion for Reconsideration.  (Dkt. #11).

The Court, having considered petitioner's motion for reconsideration, and the balance of the record, does hereby find and ORDER as follows:

(1) Petitioner's Motion for Reconsideration (Dkt. #11) is DENIED.  By local rule, motions for reconsideration are disfavored and the court will ordinarily deny such a motion in the absence of "a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  W.D. Wash. Local Rule CR 7(h).

Petitioner now asserts that he requested the wrong relief in his prior motion, and that he "intended to seek that the Court enjoin Neil Clark from removing the Petitioner to any country, not ordered or designated for removal by the Immigration Judge or another Judge of a competent

ORDER DENYING PETITIONER'S
MOTION TO RECONSIDER ORDER
DENYING STAY OF REMOVAL
PAGE – 2

court." Here, petitioner "makes a renewed Motion for an Order based upon the central fact of his complaint: It is not authorized by statute or law that ICE may unilaterally send a person to a country to which his removal was not ordered by the Immigration Court."

Petitioner, in his motion for reconsideration, makes no actual showing that he is eligible for relief from removal. As the Court previously found, petitioner's claims that ICE intends "to send [him] to a third country where the Immigration Judge never ordered" is nothing more than speculation and conjecture. Moreover, petitioner has not demonstrated that his removal is imminent or that he will suffer immediate and irreparable injury, loss, or damage before respondent can be heard in opposition. Accordingly, petitioner cannot demonstrate a probability of success on the merits plus the possibility of irreparable harm, or that serious legal questions are raised and the balance of hardships tips in petitioners favor.

(2) The Court expresses no views at this time as to the merits of petitioner's habeas petition.

(3) The Clerk is directed to send a copy of this Order to petitioner and to the Honorable James P. Donohue.

DATED this 30th day of January, 2007.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

Recommended for Entry
this 29th of January, 2007.

/s/  JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING PETITIONER'S
MOTION TO RECONSIDER ORDER
DENYING STAY OF REMOVAL
PAGE – 3